

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| TAMMY MONK, | ) | CASE NO. 5:07CV00020 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| STUART M. PERRY, INC., | ) | |
| Defendant. | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

Before the undersigned is a Motion to Recuse Magistrate Judge filed by the defendant on May 9, 2008, the presiding District Judge having referred the case to the undersigned under authority of 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and to render a report setting forth appropriate findings, conclusions and recommendations for the disposition of the outstanding motion for summary judgment.

The Memorandum filed in support of the motion asserts that, after the undersigned had tried plaintiff's previous case against the same defendant, dismissing her Title VII claim but ruling in her favor on her Equal Pay Act claim, plaintiff communicated with the chambers of the undersigned, first by telephone and then by letter. These communications were complaints f post-judgment conduct by the defendant, which conduct is the subject of this litigation. The Memorandum makes clear that plaintiff did not have telephonic communication directly with the undersigned but did send a letter to the undersigned dated July 30, 2003 detailing her complaints.

Plaintiff believes that, because of this, the undersigned may be a "fact witness," and thus disqualified. At the least, defendant asserts that there is an appearance of impropriety which should cause the undersigned to recuse himself from further proceedings.

The undersigned has no recall of any attempts by plaintiff to verbally communicate with the court after her first trial. By the same token, a review of the files in the undersigned's chambers which was conducted upon receipt of the defendant's recusal motion discloses that the July 30, 2003 letter was received in the undersigned's chambers. The undersigned was informed about its receipt and likely glanced at the letter. It has been the policy of the undersigned to direct that such communications by parties who had counsel be placed in the chambers' case file jacket without acknowledging receipt and without a response. When made aware of the instant recusal motion, the undersigned had no independent recollection of ever having received the Monk letter of July 30, 2003, though chambers staff has located the file with the original letter in it.

The point of this is to make clear that the undersigned does not have any cognitive awareness of any prior efforts by the plaintiff to inform this court of any facts underlying the instant action.[1] After all, this is a new case with circumstances different from the one already tried, the merits of which the undersigned simply has not considered to any extent.

By the same token, it certainly is proper for a party who has concerns about the partiality of the court to raise the questions set forth in the defendant's motion. The undersigned has no

---

[1] As to the assertions of the events occurring in open court on March 14, 2003, the undersigned notes a vague recollection of a greater context than that set forth in defendant's Memorandum and observes that the record of those proceedings, which the undersigned has not reviewed, will need to speak for itself.

interest in fostering any impression by anyone or giving the appearance to anyone that this court would not have the ability to be impartial or that this court somehow has gained knowledge of the circumstances of this case which makes it inappropriate to be involved at any level in the decision-making process. Because both such an impression and such an appearance exist, the undersigned will grant the motion of the defendant and will recuse himself from further proceedings.

An Order will follow.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

5/12/08
Date